UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALEXANDRIA NICHOLAS, individually
and on behalf of all others similarly situated,

                              Plaintiff,

        v.

AMAZON.COM, INC., a Delaware
Corporation,

                              Defendant.

Case No. 2:22-cv-01616-RSM

ORDER GRANTING AND
DENYING IN PART
DEFENDANT'S MOTION TO
DISMISS

## I.    INTRODUCTION

Before the Court is Defendant Amazon.com, Inc. ("Amazon")'s Motion to Dismiss First Amended Complaint pursuant to FRCP 12(b)(6).   Dkt. #61.   Plaintiff Alexandria Nicholas ("Plaintiff") has filed an opposition.   Dkt. #66.   The Court has determined it can rule on the Motion without the need for oral argument.   For the reasons stated below, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion.

## II.    BACKGROUND

For purposes of this Motion to Dismiss, the Court will accept all facts stated in the First Amended Complaint, Dkt. #35, as true.   Unless stated otherwise, the following facts are drawn from that pleading.

Plaintiff filed a putative class action Complaint against Defendant alleging that Amazon's "Subscribe & Save" program ("S&S") utilizes a deceptive, unfair, and ultimately unlawful interface.  Dkt. #35 at 1.  Specifically, Plaintiff alleges that the S&S cancellation process is "overly difficult and time-consuming," using "dark patterns" to induce customers to subscribe but making the cancellation process excessively complicated through a "labyrinth of menus and icons" to frustrate the process.  *Id*. at 14.

As a result of the above, Plaintiff raises claims alleging violations under: (1) the Illinois Automatic Contract Renewal Act ("IACRA"); (2) the Washington Consumer Protection Act ("WCPA"); (3) the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"); and common law claims of (4) fraud and (5) unjust enrichment.  Dkt. #35 at 21, 19, 23, 25, 26.

### III.   DISCUSSION

**A. Legal Standards**

1.   **Rule 12(b)(6)**

In making a Rule 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true and makes all inferences in the light most favorable to the non-moving party.  *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). To survive a 12(b)(6) challenge, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  However, the court is not required to accept as true a "legal conclusion couched as a factual allegation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Id*. at 678.  This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570. Lastly, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id*. at 555; *see* Fed. R. Civ. P. 8(a).

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

### 2. Rule 9(b)

Claims sounding in fraud must be pled with particularity. *See* Fed. R. Civ. P. 9(b). Additionally, "a plaintiff need not specifically label a cause of action as 'fraud'; claims that are 'grounded in fraud' or that 'sound in fraud' must also meet Rule 9(b) requirements." Dkt. #61 at 6 (quoting *Fid. Mortg. Corp. v. Seattle Times Co*. 213 F.R.D. 573, 575 (W.D. Wash. 2003)). To survive a Rule 9(b) challenge, a fraud claim must include "the who, what, when, where, and how" of the alleged misconduct. *Hernandez v. Johnson & Johnson*, No. 4:20-cv-05136-SMJ, 2021 WL 320312, *5 (E.D. Wash. Jan. 8, 2021); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003) (deeming a motion to dismiss under FRCP 9(b) "the functional equivalent" of a motion to dismiss under FRCP 12(b)(6) and thus treating dismissal under both rules "in the same manner").

### B. Analysis

### 1. IACRA Claim

Defendant alleges that Plaintiff has not pled any specific facts that support her IACRA violation claim, "or even put Amazon on reasonable notice of how it failed to satisfy IACRA."

ORDER GRANTING AND DENYING IN PART
DEFENDANT'S MOTION TO DISMISS - 3

Dkt. #61 at 13.  Plaintiff alleges that Amazon violated IACRA by not clearly and conspicuously disclosing the automatic renewal terms (including cancellation) for the S&S program.  Dkt. #35 at 22.  The IACRA that was in effect when Plaintiff allegedly enrolled in Amazon's S&S program provided in relevant portion that:

> (a) Any person, firm, partnership, association, or *corporation* that sells or offers to sell any products or services to a consumer pursuant to a contract, where such contract automatically renews unless the consumer cancels the contract, shall disclose the automatic renewal clause *clearly and conspicuously* in the contract, including the cancellation procedure.

815 ILCS § 601/10 (eff. Jan. 1, 2022 to Dec. 31, 2023) (emphasis added).

The applicable version of IACRA did not define "clear and conspicuous."  Nevertheless, the Illinois legislature has since amended the statute and defined "clear and conspicuous" as "larger than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbols or other marks, in a manner that clearly calls attention to the language."  815 ILCS § 601/5 (eff. Jan. 1, 2024).  This definition provides a useful framework to determine what type of disclosure the Illinois legislature would classify as "clear and conspicuous."  Amazon contends that, despite their vagueness, Plaintiff's allegations, in fact, establish that Amazon complied with the relevant version of IACRA.  This Court agrees.  In *Viveros v. Audible, Inc.*, the court considered the offer terms of an Amazon Audible free trial subscription.  2023 WL 6960281 at *7-8 (W.D. Wash. 2023).  The specific offer language provided that "[m]embership continues until cancelled for $14.95/mo. +taxes.  Cancel anytime via Account Details."  *Id.* at *7.  A blue hyperlink to Audible's "Conditions of Use" followed, which included the cancellation procedure.  *Id.* at *8.  The court ultimately held that "the language included all the required clear and conspicuous disclosures under [the pertinent statute], and that the cancellation policy was sufficient."  *Id.* at *7-8.  Here, the pertinent language includes the order total amount and provides that "[the] subscription

continues until canceled.  You can cancel anytime via the Your Subscribe & Save items page in Your Account," where the words "Your Subscribe & Save" take the form of a blue hyperlink. Dkt. #61 at 16.  Thus, just like in *Viveros*, this Court finds that this language includes all the required clear and conspicuous disclosures under the latest version of IACRA, and satisfies all the requirements of IACRA that were in effect when Plaintiff allegedly enrolled in Amazon's S&S program.

Regarding the cancellation process, IACRA provides that a company must "provide a toll-free telephone number, electronic mail address, a postal address if the seller directly bills the consumer, or another cost-effective, timely, and *easy-to-use* mechanism for cancellation."  815 ILCS 601/10(b-5) (eff. Jan. 1, 2022 to Dec. 31, 2023) (emphasis added).  Amazon argues that "[the S&S cancellation] process is clear and simple."  Dkt. #61 at 25.  Plaintiff alleges that the cancellation process is "more difficult than is legal," that it "litters the subscription process with deceptive and misleading statements," Dkt. #66 at 22, and that "Amazon's user interface was designed to nudge users who are seeking to cancel their subscriptions to 'skip a delivery' instead, thereby allowing likely deliveries to resume after a brief pause." Dkts. #35, ¶ 32, #66 at 22. Plaintiff further alleges that individuals "give up before completing the cancellation process because such process is unreasonably difficult to complete."  *Id*. at 2.  The Court agrees with Plaintiff that the S&S cancellation process can hardly be described as straightforward and is likely to cause frustration.  Accordingly, taking all reasonable inferences in light most favorable to Plaintiff, the Court holds that enough facts were pled to make the inference that the S&S did not provide an easy-to-use mechanism for cancellation, in violation of IACRA.

## 2.  Rule 9(b) Challenge

Moving on to Plaintiff's ICFA, WCPA, and fraud claims, Defendant alleges that they "are all premised on alleged misrepresentations by Amazon, and [thus] should be subject to FRCP

Rule 9(b)'s heightened pleading standard." Dkt. #61 at 7.  The Court agrees.  Plaintiff posits that Amazon "engaged in unfair or deceptive acts or practices . . . [to] intentionally and knowingly [mislead] Plaintiff."  Dkt. #35 at 19-20.  In fact, Plaintiff's argument of "dark patterns" is premised on the notion that Amazon's S&S program uses "nefarious…process designs intended to confuse customers." Dkt. #61 at 8 (emphasis omitted).  Nevertheless, Plaintiff fails to provide any details regarding what specific elements of the S&S cancellation process were deceptive, or when, where, or how she was misled by them.  The only thing close to a cognizable theory of harm that Plaintiff puts forth is the allegation that Amazon's "cancel anytime" representation is somehow false.  But again, she fails to provide screenshots or any other kind of information, for that matter, to substantiate this claim.  Not only that, but it is undisputed that Plaintiff was successful in cancelling her initial dog food subscription once she realized she did not want it, and that she then signed up for a second subscription via the same S&S process sometime thereafter. Dkt. #35, ¶¶ 39-40.  Thus, the Court fails to identify the way in which Plaintiff was purportedly deceived.

In *In re Amazon Service Fee Litigation*, the court considered Amazon Prime's membership process and whether it involved misrepresentation tactics.  2023 WL 8472724 at *2. There, the plaintiff claimed that she had been misled into signing up for an Amazon Prime membership.  Notably, the plaintiff in *In re Amazon* failed to describe her own personal experience and relied instead on "general allegations about [Amazon's] practices," which also included arbitrary screenshots of Amazon webpages or advertisements unrelated to her personal experience. *Id*. at *6.  The court ruled that the claims did not meet Rule 9(b)'s heightened pleading standards, and reasoned that the absence of "details about Plaintiff's own experience" were fatal to her fraud-based claim.  *Id*.  Here, Plaintiff similarly "suffers from a lack of details about [her] own experience." *Id*.  Her allegations focus on products she did not purchase and a platform –

Amazon's mobile website – she did not utilize.  Such vague allegations cannot put Amazon or the Court on notice of the basis of Plaintiff's fraud-based claims.  Accordingly, the Court holds that Plaintiff's ICFA, WCPA, and fraud claims fail to satisfy FRCP Rule 9(b).

### 3. Unjust Enrichment

Defendant alleges that Plaintiff's unjust enrichment claim must fail because she has a valid contract with Amazon.  Dkt. #61 at 11.  In opposition, Plaintiff alleges at the time she entered into the S&S transactions, she "did not – and could not – assent to the formation of a valid contract due to Amazon's use of deceptive and materially misleading user interfaces throughout its attempts to blind Plaintiff . . . to their recurring [S&S] deliveries."  Dkt. #35 at 26.  Although Plaintiff has only provided vague allegations about her own experience with the S&S cancellation process, what is clear is that she has enrolled twice in the program through Amazon's website.  *Id.* ¶¶ 37, 40.  By enrolling in the S&S program, Plaintiff consented to Amazon's Conditions of Use ("COUs"), which are a valid contract with Amazon.  Courts have typically ruled that consumers are bound to the terms and transactions of online agreements, referring to this process as "clickwrap."  *See, e.g., Wiseley v. Amazon.com, Inc*. 709 F. App'x 862, 864 (9th Cir. 2017) ("The notices on Amazon's checkout and account registration pages, which alerted [the plaintiff] that clicking the corresponding action button constituted agreement to the hyperlinked COU[s], were in sufficient proximity to give him a 'reasonable opportunity to understand' that he would be bound by additional terms*."); see also In re Amazon Serv. Fee Litig*., 2023 WL 8472724 at *3-4 (finding that plaintiff was bound by Amazon's COUs based on purchases from Amazon's website).  Moreover, insofar as Plaintiff relies on the theory that it was Amazon's use of "dark patterns" that prevented her from "assent[ing] to the formation of a valid contract," she is unsuccessful in alleging any deceptive practices to which she was personally exposed.  Dkt. #35

at ¶ 87.  Thus, she has not alleged any facts that invalidate her assenting to the contract with Amazon.  Accordingly, the Court holds that Plaintiff's claim of unjust enrichment fails.

## IV.    CONCLUSION

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS that Defendant's Motion to Dismiss, Dkt. #61, is GRANTED IN PART and DENIED IN PART.  Plaintiff's claims pursuant to the WCPA, ICFA, as well as her common law claims of fraud and unjust enrichment are DISMISSED.  All other claims remain.  Plaintiff shall have thirty (30) days to file an amended complaint.

DATED this 12th day of July, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE